United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE PATTERSON,<br><br>    Plaintiff,<br><br>v.<br><br>MARINELLA GONCALVES, ET AL.,<br><br>    Defendants.<br>_____<br>FELITA SAMPLE,<br><br>    Plaintiff,<br><br>v.<br><br>MARINELLA GONCALVES, and others,<br><br>    Defendants.<br>_____ / | Nos.  C 14-01311 CRB<br>         C 14-01313 CRB<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTIONS TO DECLARE ANDRE<br>PATTERSON AND FELITA SAMPLE<br>VEXATIOUS LITIGANTS** |

Before the Court are two unopposed motions to declare Plaintiff Andre Patterson and Plaintiff Felita Sample vexatious litigants. Pat. Mot. (dkt. 20); Samp. Mot. (dkt. 17). In July, the Court dismissed the complaints filed by Patterson and Sample against Catholic Charities CYO of the Archdiocese of San Francisco ("Catholic Charities CYO") and Marinella Goncalves, an employee of Catholic Charities CYO (collectively, "Defendants"), and entered judgment in favor of Defendants. Pat. Jdgmt. (dkt. 16); Samp. Jdgmt. (dkt. 24). Over the course of several years, Patterson and Sample have relentlessly pursued Catholic Charities CYO and its affiliates and personnel in a series of frivolous lawsuits that have become harassing and abusive. See generally Pat. Mot. and Samp. Mot. Having considered Defendants' motions, the Court finds these matters suitable for resolution without oral

argument, pursuant to Civil Local Rule 7-1(b). The Court thus VACATES the hearing currently set for September 26, 2014 and GRANTS the motions to declare Andre Patterson and Felita Sample Vexatious Litigants.

**I.    BACKGROUND**

Collectively, Patterson and Sample have filed fifty-eight lawsuits in federal and state courts against Defendants and against other parties not before the Court. Pat. Mot. at 7; Samp. Mot. at 7. This includes twelve lawsuits in federal court against Catholic Charities CYO and its affiliates and personnel. Pat. D. Moriarty Decl. No. 1 (dkt. 24) ¶¶ 8, 13, 15, 17, 19, 21; Samp. D. Moriarty Decl. No. 1 (dkt. 21) ¶¶ 8, 14, 16, 18, 20, 22. In all of the federal cases against Catholic Charities CYO and its affiliates and personnel, Patterson and Sample applied to proceed in forma pauperis (IFP). Id.

Individually, Patterson has filed thirty-nine lawsuits, including twenty-three lawsuits in the district courts of the Ninth Circuit (twenty-one lawsuits in the Northern District, one lawsuit in the Eastern District, and one lawsuit in the Southern District) and sixteen lawsuits in the Superior Court of California, County of San Francisco. Pat. D. Moriarty Decl. No. 1 ¶ 3. In this Court alone, Patterson has filed six lawsuits against Catholic Charities CYO and its affiliates and personnel. Pat. D. Moriarty Decl. No. 1 ¶¶ 8, 13, 15, 17, 19, 21.

Sample has filed an additional nineteen lawsuits, including ten lawsuits in the district courts of the Ninth Circuit and nine lawsuits in the Superior Court of California, County of San Francisco. Samp. D. Moriarty Decl. No. 1 ¶ 3. In this Court alone, Sample has filed six lawsuits against Catholic Charities CYO and its affiliates and personnel. Samp. D. Moriarty Decl. No. 1 ¶¶ 8, 14, 16, 18, 20, 22

In March 2013, the State of California declared both Patterson and Sample vexatious litigants, and they appear on the vexatious litigant list maintained by the State of California. Pat. D. Moriarty Decl. No. 1 ¶ 5; Samp. D. Moriarty Decl. No. 1 ¶ 5.

On March 21, 2014, Patterson and Sample filed separate but identical complaints against Defendants, alleging that Defendants "are illegally renting federal subsidized housing on Treasure Island to illegal immigrants illegally in the United States" in violation of the

Immigration and Naturalization Act.  Pat. Compl. (dkt. 1) at 2; Samp. Compl. (dkt. 1) at 2. Based on these claims, they also brought one cause of action under the Racketeer Influenced and Corrupt Organizations Act.  Id.

In April 2014, Magistrate Judge James recommended that Patterson's complaint be dismissed for failure to plead sufficient facts.  Pat. Rep. & Recom. (dkt. 6).  The following month, Magistrate Judge Cousins recommended Sample's complaint be dismissed for the same reason, Samp. Ord. (dkt. 7) at 6, and transferred it to the Court as a case related to Patterson's.  Samp. Rel. Ord. (dkt. 9).  The Court adopted both recommendations and dismissed the complaints with leave to amend within thirty days.  Pat. Adop. Ord. (dkt. 10); Samp. Ord. at 6.  As neither plaintiff filed an amended complaint within the deadline, Pat. Dis. (dkt. 15) and Samp. Dis. (dkt. 23), the Court dismissed the cases with prejudice and entered judgment in favor of Defendants.  Pat. Jdgmt; Samp. Jdgmt.

Prior to the Court's dismissal of Patterson's and Sample's cases, Patterson left a telephone message for Sean Moriarty, an attorney representing Defendants, threatening to file additional lawsuits on behalf of himself and Sample.  Pat. S. Moriarty Decl. (dkt. 23) Ex. B at 10.  On March 22, 2014, Patterson left another telephone message for Moriarty referencing the present lawsuits and indicating an intent to reinstate previous lawsuits and seek reconsideration and appeals.  Pat. S. Moriarty Decl. (dkt. 23) Ex. C at 12.  Defendants argue that Patterson's motivation to spite and harass Defendants is shown by another telephone call to Moriarty in April 2014 containing expletive statements and threats to sue Moriarty and Catholic Charities CYO.  Pat. S. Moriarty Decl. ¶ 9; Pat. S. Moriarty Decl. (dkt. 23) Ex. D at 13.

Defendants have now filed motions to declare Patterson and Sample vexatious litigants.  Pat. Mot.; Samp. Mot.  Defendants urge the Court to issue pre-filing orders as to Patterson and Sample requiring that all future filings of lawsuits by Patterson and Sample be approved and secured by a deposit in the amount of $400 for each named defendant.  Pat. Mot. at 4; Samp. Mot. at 4.

The deadline for Patterson and Sample to file a response to Defendants' motions passed on August 7, 2014, with no responses filed.[1]

## II.   LEGAL STANDARD

The All Writs Act grants district courts the inherent authority to enter pre-filing orders against litigants with lengthy histories of abusive litigation. 28 U.S.C. § 1651(a); see De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). "Such pre-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999). Although "pre-filing orders are an extreme remedy that should rarely be used," "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (per curiam).

Before entering a pre-filing order, the district court should first provide the litigant notice and an opportunity to oppose the entry of the order. De Long, 912 F.2d at 1147. Second, the district court must present an adequate record for appellate review by "listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." Id. Third, the district court must make substantive findings of frivolousness or harassment. Id. at 1148. Fourth, the district court must narrowly tailor the pre-filing order to "closely fit the specific vice encountered." Id. District courts also should "consider whether other remedies would be adequate to protect the court and other parties" before entering a pre-filing order. Ringgold-Lockhart v. Cnty. of Los Angeles, No. 11-57231, 2014 WL 3805579, at *3 (9th Cir. Aug. 4, 2014).

---

[1] Although neither Plaintiff filed a written opposition to this motion, Sample sent the Court a written letter, dated August 3, 2014, addressed to Judge Breyer, stating that the Court "illegally got [her] case and illegally dismissed [her] case." Her letter also states that "[she] is going to exercise [her] right to ... sue you for the RICO Act for aiding and abetting." See Samp. Ltr. (dkt. 26) at 1.

United States District Court
For the Northern District of California

4

**III.  DISCUSSION**

    **A.  Request for Judicial Notice**

In connection with their motions to declare Patterson and Sample vexatious litigants, Defendants have filed a Request for Judicial Notice ("RJN") attaching a number of documents relating to their legal history with Patterson and Sample pursuant to Fed. R. Evid. 201.  To the extent that Defendants' requests are relevant and necessary to the Court's resolution of the motions, the Court takes judicial notice of these filings.[2]

    **B.  Notice and Opportunity to Be Heard**

The first requirement under De Long requires that the litigant be provided notice and an opportunity to be heard before entry of the pre-filing order.  912 F.2d at 1147.  Patterson and Sample have had notice of the possibility that a pre-filing order may be entered against them because the Court's order was prompted by Defendants' motions that were timely served on Patterson and Sample.  Pat. Mot. at 1; Samp. Mot. at 1. Defendants' motions also notified Patterson and Sample of the September 26 hearing date.  Id.

District courts in the Ninth Circuit have held that the requirement to provide the litigant an opportunity to be heard does not necessarily require oral argument, as the opportunity to brief the issue fully satisfies due process requirements.  See, e.g., Reddy v. MedQuist, Inc., No. 12-01324, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012); Davis v. Living Trust of Michael J. Fitzgerald, No. 12-1939, 2013 WL 3427904, at *6 n.10 (D. Nev. July 8, 2013); Fiechtner v. Young, No. 13-9-M-DLC-JCL, 2013 WL 830653, at *3 (D. Mont. Feb. 6, 2013).  Here, Patterson and Sample had the opportunity to oppose the motions in writing and neither filed a written opposition.  Therefore, the Court has provided the proper notice and opportunity to be heard required by De Long.

---

[2] The Court may take judicial notice of the records of other courts or tribunals pertinent to the issues in this action.  See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.")

### C. **Adequate Record for Review**

Second, De Long instructs the court to create an adequate record for review. 912 F.2d at 1147. Although courts are not required to list every case filed by the litigant, the record must "include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." Molski, 500 F.3d at 1059.

An Addendum attached to this Order summarizes the federal court cases and lists the state court cases filed by Patterson and Sample against Catholic Charities CYO and its affiliates and personnel, pursuant to this second requirement. All twelve of these federal court actions have been dismissed for failure to state a cause of action or to diligently prosecute. Pat. D. Moriarty Decl. No. 1 ¶¶ 10, 13, 15, 17, 19, 21; Samp. D. Moriarty Decl. No. 1 ¶¶ 10, 14, 16, 18, 20, 22.

### D. **Substantive Findings of Frivolousness and/or Harassment**

Third, De Long instructs district courts to make substantive findings as to the frivolous or harassing nature of the litigant's actions. 912 F.2d at 1148. The Ninth Circuit has noted that the following factors provide a "helpful framework" in applying this De Long requirement: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." Molski, 500 F.3d at 1058 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)). The Court must find the litigant's claims frivolous after looking at "both the number and content of the filings." Molski, 500 F.3d at 1059. However, a court cannot issue a pre-filing order merely upon a showing of litigiousness. Id. Rather, the plaintiff's claims must be both numerous and patently without merit. Id.

Alternatively, a court may find that the litigant's actions show a pattern of harassment. De Long, 912 F.2d at 1148. The Ninth Circuit has cautioned district courts to avoid

justifying a finding of harassment on the basis of repetitive filings, but instead to "discern whether the filing of several similar types of actions constitute an intent to harass the defendant or the court." Ringgold-Lockhart, 2014 WL 3805579, at *5. Finally, a court should consider whether a less restrictive option would be an adequate deterrent before issuing a pre-filing order. Id.

Here, the number of filings in combination with their frivolous nature establish Patterson and Sample as vexatious litigants. None of Patterson's or Sample's federal court actions against Catholic Charities CYO and its affiliates and personnel have survived the pleading stage. Pat. D. Moriarty Decl. No. 1 ¶¶ 10, 13, 15, 17, 19, 21; Samp. D. Moriarty Decl. No. 1 ¶¶ 10, 14, 16, 18, 20, 22. All of these federal lawsuits have been dismissed for failure to state a cause of action or to diligently prosecute. Id.

In fact, except for the factual introduction and the demand for damages, Patterson's and Sample's complaints in the current actions are lifted verbatim from a web site apparently operated by American Patrol, which appears to be a clearinghouse for anti-immigration news items. Pat. S. Moriarty Decl. (dkt. 23) Ex. E at 16; Samp. S. Moriarty Decl. (dkt. 20) Ex. E at 16. Defendants also argue that Patterson and Sample work as a team and will continue to file lawsuits in place of the other if only one is declared a vexatious litigant. Pat. D. Moriarty Decl. No. 1 ¶ 6; Samp. D. Moriarty Decl. No. 1 ¶ 6. Court documents reflect that all of the federal lawsuits filed by Patterson and Sample are near duplicates, with the same language and handwriting. See generally Pat. D. Moriarty Decl. No. 1 and Samp. D. Moriarty Decl. No. 1. Addressing these has required significant time and expense on the part of both the courts and Defendants.

Patterson and Sample were given a fair opportunity to file a proper amended complaint in the current actions, but never did. Instead, Patterson left three harassing and offensive telephone messages for Moriarty with the threat of additional lawsuits. Pat. S. Moriarty Decl. Ex. B, C, D. In its wider context, this pattern demonstrates that Patterson and Sample are motivated by an intent to harass Catholic Charities CYO and its affiliates and personnel.

7

1    Moreover, Patterson and Sample have established a history and practice of abusing the
2 judicial process in a manner that indicates a likelihood that their behavior will continue
3 unless protective measures are taken.  Their claims are frivolous, harassing, and brought with
4 no objective good faith expectation of prevailing.  Their approach of filing repeated and
5 duplicative suits forces Catholic Charities CYO to incur needless expense defending itself in
6 court.  Given the lack of diligence in litigating the cases, these serial suits also cause needless
7 expense to other parties and impose an unnecessary burden on the courts.  This is a flagrant
8 abuse of the judicial process and it is necessary and appropriate to impose a pre-filing order
9 on Patterson and Sample.

10    And, it is unlikely that other sanctions would be adequate to protect Defendants or the
11 courts because seeking to obtain and collect monetary sanctions from the unrepresented pro
12 se Plaintiffs would likely increase the proceedings in court and the financial burden on
13 Defendants.  Nor does it seem likely, in light of Plaintiffs' history here and in state court, that
14 non-monetary directives would deter Patterson and Sample from continuing to harass
15 Defendants and from abusing judicial resources.  Having considered alternative sanctions, a
16 pre-filing order is warranted to deter Patterson's and Sample's harassing actions and filings
17 of frivolous claims.

18    **E.    Narrowly Tailored Order**

19    The fourth and final De Long requirement instructs district courts to narrowly tailor
20 the pre-filing order to the litigant's wrongful behavior.  912 F.2d at 1148.  Ordinarily, a
21 broad order preventing a litigant from filing any further actions without judicial review
22 cannot stand.  Compare Molski, 500 F.3d at 1061 (approving the scope of the pre-filing order
23 because it restricted only the type of claims the litigant had been filing vexatiously: ADA
24 claims), with De Long, 912 F.2d at 1148 (finding an order enjoining a litigant from filing any
25 further action or papers except with court approval as overly broad).

26    Defendants contend that the "specific vice" encountered are complaints filed by
27 Patterson and Sample without cognizable claims for relief and with the intent to harass
28 Catholic Charities CYO and its affiliates and personnel.  Pat. Mot. at 13; Samp. Mot. at 13.

8

1  The pre-filing order is narrowly tailored by restricting any further litigation against Catholic
2  Charities CYO and its affiliates and personnel.

## IV.  CONCLUSION

For the foregoing reasons, the Court DECLARES that Patterson and Sample are vexatious litigants and further ORDERS as follows:  As a condition to Plaintiffs filing any new action against persons who are officers, agents, or employees of the Roman Catholic Archbishop of San Francisco, A Corporation Sole or Catholic Charities CYO or against the attorneys for such parties for acts taken while representing the parties in a court proceeding, Plaintiffs must apply to the Court for, and obtain from the Court, an order authorizing Plaintiffs to do so.  Plaintiffs are required to attach a copy of this Order with the proposed pleading to any such application.  The Court will grant such application only if, upon review of the proposed pleading, the Court determines that it complies with Federal Rules of Civil Procedure 8, presents cognizable claims, and that the allegations state a cause of action.

9

# ADDENDUM

Pursuant to the second De Long requirement, this Addendum summarizes the federal court actions and lists the state court actions filed by Patterson and Sample against Catholic Charities CYO and its affiliates and personnel.

**A.  Federal and State Actions Filed by Patterson Against Catholic Charities CYO.**

In addition to the current action previously discussed, Patterson has filed five lawsuits in the Northern District against Catholic Charities CYO which are summarized as follows:

(1)   Patterson v. Crespo, No. 11-06139 WHA (N.D. Cal. Jan. 3, 2012)
On December 5, 2011, Patterson filed a complaint and an application to proceed IFP claiming that Defendant Deanna Crespo violated his rights under the First and Fifth Amendments of the United States Constitution.  Pat. D. Moriarty Decl. No. 1 (dkt. 24-2) Ex. C at 2.  In his complaint, Patterson described Crespo as "an advocate for Catholic Charities."  Id.  Crespo is an employee of Catholic Charities CYO.  Pat. Decl. Goncalves (dkt. 22) ¶ 3.  The court dismissed Patterson's complaint for failure to state a claim for relief without prejudice.  Pat. D. Moriarty Decl. No. 1, Ex. C at 8.

(2)   Patterson v. Rios, No. 11-06138 CRB (N.D. Cal. July 31, 2012)
On December 5, 2011, Patterson filed a complaint and an application to proceed IFP claiming that Defendant Diego Rios violated his rights under the First and Fifth Amendments of the United States Constitution.  Pat. D. Moriarty Decl. No. 1 (dkt. 24-2) Ex. D at 11.  In his complaint, Patterson described Rios as "an advocate for Catholic Charities."  Id.  Rios is an employee of Catholic Charities CYO.  Pat. Decl. Goncalves ¶ 3.  The Court dismissed Patterson's complaint for failure to state a claim for relief with leave to amend.  Pat. D. Moriarty Decl. No. 1, Ex. D at 16.  Patterson failed to file an amended complaint or to comply with an Order to Show Cause.  Id. at 24.  Accordingly, the Court dismissed Patterson's complaint with prejudice.  Id.

(3)   Patterson v. Franklin, No. 11-06137 YGR (N.D. Cal. Aug. 3, 2012)
On December 5, 2011, Patterson filed a complaint and an application to proceed IFP alleging that Defendant Rachialle Franklin violated his rights under the First and Fifth Amendments of the United States Constitution.  Pat. D. Moriarty Decl. No. 1 (dkt. 24-2) Ex. E at 26.  In his complaint, Patterson described Franklin as "an advocate for Catholic Charities."  Id.  Franklin is a former employee of Catholic Charities CYO.  Pat. Decl. Goncalves ¶ 3.  The court dismissed Patterson's complaint for failure to state a claim for relief with leave to amend.  Pat. D. Moriarty Decl. No. 1, Ex. E at 32.  Patterson failed to file an amended complaint by the deadline imposed by the court.  Id. at 35.  Accordingly, the court dismissed the action for failure to prosecute pursuant to FRCP 41(b).  Id.

(4)   Patterson v. Fields, No.11-06136 CRB (N.D. Cal. Sep. 28, 2012)
On December 5, 2011, Patterson filed a complaint and an application to proceed IFP alleging that Defendant Cheryl Fields violated his rights under the First and Fifth Amendments of the United States Constitution.  Pat. D. Moriarty Decl. No. 1 (dkt. 24-3) Ex. F at 2.  In his complaint, Patterson described Fields as "an advocate for Catholic Charities."  Id.  Fields is an employee of Catholic Charities CYO.  Pat. Decl. Goncalves ¶ 3.  The Court dismissed Patterson's complaint for failure to state a claim for relief with leave to amend.  Pat. D. Moriarty Decl. No. 1, Ex. F at 9.  Patterson failed to file an amended complaint by the deadline imposed by the Court.  Id. at 11.

Accordingly, the Court dismissed the action for failure to prosecute pursuant to FRCP 41(b). Id.

(5) Patterson v. Congalves, No. 11-06135 CRB (N.D. Cal. Apr. 5, 2012)
On December 5, 2011, Patterson filed a complaint and an application to proceed IFP alleging that Defendant Marinella Goncalves violated his rights under the First and Fifth Amendments of the United States Constitution. Pat. D. Moriarty Decl. No. 1 (dkt. 24-3) Ex. G at 14. In his complaint, Patterson described Goncalves as "the senior Program Director for Catholic Charities." Id. Goncalves is an employee of Catholic Charities. Pat. Decl. Goncalves ¶ 1. The Court dismissed Patterson's complaint for failure to state a claim for relief with leave to amend. Pat. D. Moriarty Decl. No. 1, Ex. G at 24. Patterson failed to file an amended complaint by the deadline imposed by the Court. Id. at 26. Accordingly, the Court dismissed the action with prejudice for failure to prosecute pursuant to FRCP 41(b). Id.

In addition to Patterson's six federal lawsuits, Patterson has filed the following three actions in Superior Court of California, County of San Francisco against Catholic Charities CYO and its affiliates and personnel:

(1) Patterson v. Milano, et al., No. CGC 13-527804[1]
(2) Patterson v. Goncalves, et al., No. CGC 12-523184[2]
(3) Patterson v. Fields, et al., No. CGC 11-514829[3]

**B.   Federal and State Actions Filed by Sample Against Catholic Charities CYO.**

In addition to the current action previously discussed, Sample has filed five lawsuits in the Northern District against Catholic Charities CYO and its affiliates and personnel, which are summarized as follows:

(1) Sample v. Crespo, No. 11-6129 YGR (N.D. Cal. Sep. 18, 2012)
On December 5, 2011, Sample filed a complaint and an application to proceed IFP alleging that Defendant Deanna Crespo violated her rights under the First and Fifth Amendments of the United States Constitution. Samp. D. Moriarty Decl. No. 1 (dkt. 21-2) Ex. C at 2. In her complaint, Sample described Crespo as "an advocate for Catholic Charities." Id. Crespo is an employee of Catholic Charities CYO. Samp. Decl. Goncalves (dkt. 19) ¶ 3. The court dismissed Patterson's complaint for failure to state a claim for relief with leave to amend and scheduled a compliance hearing. Samp. D. Moriarty Decl. No. 1, Ex. C at 11. Sample failed to file an amended complaint and to attend the compliance hearing. Id. at 14. Accordingly, the court dismissed this action with prejudice for failure to prosecute pursuant to FRCP 41(b). Id.

(2) Sample v. Rios, No. 11-06128 JSC (N.D. Cal. Feb. 3, 2012)

---

[1] See Pat. D. Moriarty Decl. No. 2 (dkt. 25-1) Ex. A.

[2] See Pat. D. Moriarty Decl. No. 2 (dkt. 25-2) Ex. C.

[3] See Pat. D. Moriarty Decl. No. 2 (dkt. 25-2) Ex. E.

11

On December 5, 2011, Sample filed a complaint and an application to proceed IFP alleging that Defendant Diego Rios violated her rights under the First and Fifth Amendments of the United States Constitution. Samp. D. Moriarty Decl. No. 1 (dkt. 21-2) Ex. D at 17. In her complaint, Sample described Rios as "an advocate for Catholic Charities." Id. Rios is an employee of Catholic Charities CYO. Samp. Goncalves Decl. ¶ 3. The court denied Sample's application to proceed IFP and instructed her to pay the filing fee. Samp. D. Moriarty Decl. No. 1, Ex. D at 24. Sample failed to pay the filing fee by the deadline imposed by the court. Id. at 27. Accordingly, the court dismissed the case without prejudice. Id.

(3)  Sample v. Franklin, No. 11-06126 JSW (N.D. Cal. June 15, 2012)

On December 5, 2011, Sample filed a complaint and an application to proceed IFP claiming that Defendant Rachialle Franklin violated her rights under the First and Fifth Amendments of the United States Constitution. Samp. D. Moriarty Decl. No. 1 (dkt. 21-2) Ex. E at 30. In her complaint, Sample described Franklin as "an advocate for Catholic Charities." Id. Franklin is a former employee of Catholic Charities CYO. Samp. Goncalves Decl. ¶ 3. The court dismissed the case for failure to state a claim for relief and entered judgment. Samp. D. Moriarty Decl. No. 1, Ex. E at 37-38, 41.

(4)  Sample v. Fields, No. 11-06130 RS (N.D. Cal. Feb. 15, 2012)

On December 5, 2011, Sample filed a complaint and an application to proceed IFP claiming that Defendant Cheryl Fields violated her rights under the First and Fifth Amendments of the United States Constitution. Samp. D. Moriarty Decl. No. 1 (dkt. 21-3) Ex. F at 2. In her complaint, Sample described Fields as "an advocate for Catholic Charities." Id. Fields is an employee of Catholic Charities CYO. Samp. Goncalves Decl. ¶ 3. The court denied Sample's application to proceed IFP and instructed her to pay the filing fee. Samp. D. Moriarty Decl. No. 1, Ex. F at 8. Sample failed to pay the filing fee by the deadline imposed by the court. Id. at 11. Accordingly, the court dismissed the case without prejudice. Id.

(5)  Sample v. Congalves, No. 11-06127 PJH (N.D. Cal. Feb. 3, 2012)

On December 5, 2011, Sample filed a complaint and an application to proceed IFP claiming that Defendant Marinella Goncalves violated her rights under the First and Fifth Amendments of the United States Constitution. Samp. D. Moriarty Decl. No. 1 (dkt. 21-3) Ex. G at 14. In her complaint, Sample described Goncalves as "the senior program director for Catholic Charities." Id. Goncalves is an employee of Catholic Charities. Samp. Goncalves Decl. ¶ 1. The court dismissed the case for failure to state a claim for relief with leave to amend. Samp. D. Moriarty Decl. No. 1, Ex. G at 24. Sample failed to file an amended complaint by the deadline imposed by the court. Id. at 26. Accordingly, the court dismissed the case and entered judgment. Id. at 29.

In addition to Sample's six federal lawsuits, Sample has filed the following five actions in Superior Court of California, County of San Francisco against Catholic Charities CYO and its affiliates and personnel:

(1)  Sample v. Milano, et al., No. CGC 13-527898[1]

---

[1] See Samp. D. Moriarty Decl. No. 2 (dkt. 22-1) Ex. A.

(2)    Sample v. Lao, et al., No. CGC 12-523924[2]
(3)    Sample v. Rios, et al., No. CGC 11-515137[3]
(4)    Sample v. Fields, et al., No. CGC 11-514826[4]
(5)    Sample v. Franklin, No. CCH 11-572705[5]

**IT IS SO ORDERED.**

Dated: September 19, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[2] See Samp. D. Moriarty Decl. No. 2 (dkt. 22-1) Ex. B.

[3] See Samp. D. Moriarty Decl. No. 2 (dkt. 22-2) Ex. D.

[4] See Samp. D. Moriarty Decl. No. 2 (dkt. 22-3) Ex. E.

[5] See Samp. D. Moriarty Decl. No. 2 (dkt 22-3) Ex. F.